UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-cr-00118 KJM |
| Plaintiff, | |
| v. | ORDER |
| IMAN DAILEY, | |
| Defendant. | |

Defendant moves for an order granting early release from confinement under the sentence of this court and admission to home confinement, under 18 U.S.C. § 3582(c). Defendant makes this motion in light of the increased risks to health that the coronavirus ("COVID-19") poses to incarcerated persons, including himself. For the following reasons, the court DENIES defendant's motion.

I.   BACKGROUND

On March 2, 2020, the court sentenced defendant Iman Dailey to nine months of imprisonment for a supervised release violation. Minutes for Revocation Hearing, ECF No. 52. At the time he filed his motion, defendant had not yet been transferred to Bureau of Prisons (BOP) custody, and was still incarcerated in Sacramento County Main Jail, Mot. ECF No. 54, at 1. According to defendant's reply, defendant remains in Sacramento County Main Jail as of April 16, 2020. Reply, ECF No. 56, at 3. BOP has designated him to serve his sentence in FCI

1

Herlong. Opp'n at 12. On April 8, 2020, defendant filed the instant motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), and on April 15, 2020, the government opposed the motion, Opp'n, ECF No. 55. Defendant filed a reply, ECF No. 56. The court hereby SUBMITS the matter without a hearing, and resolves it here.

II.     LEGAL STANDARD

Defendant brings his motion for release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court to modify a sentence under certain circumstances. Under the current version of the statute, as recently amended, a motion for modification may be made by either the Director of the Bureau of Prisons (BOP) or by a defendant "after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A).

In order to modify a sentence and grant compassionate release following exhaustion, as relevant here, a district court engages in a two-step process. First, it must consider the familiar 18 U.S.C. § 3553(a) factors applicable at the original sentencing, to the extent they remain applicable at the time a motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." *Id.* 18 U.S.C. § 3582(c)(1)(A)(i). An alternative provision provides for consideration of a motion by a defendant who is 70 years or older, and is not applicable here. 18 U.S.C. § 3582(c)(1)(A)(ii).

III.    DISCUSSION

Defendant argues no administrative remedies are available to him, because he "has not been designated to a BOP facility, [and therefore] he is unable to apply for administrative relief." Mot. at 1–2. The government counters that defendant has been designated for transfer to FCI Herlong, and he is required, at the very least, to notify the BOP of his request before the court can find he has exhausted administrative remedies. Opp'n at 12–13 (citing, *inter alia*, *United States v. Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *1 (E.D. Wash. Mar. 31, 2020)).

"The court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow." *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020

1 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020) (citing 18 U.S.C. § 3582(c) ("The court may not

2 modify a term of imprisonment once it has been imposed," with certain narrow exceptions)).

3 Though the law allows the court to reduce a sentence if it finds "extraordinary and compelling

4 reasons" warrant such relief, that provision is available only

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

18 U.S.C. § 3582(c)(1)(A). "The administrative exhaustion requirement admits of no exception."

*Carver*, 2020 WL 1604968, at *1; *see also United States v. Holden*, No. 3:13-CR-00444-BR,

2020 WL 1673440, at *10 (D. Or. Apr. 6, 2020) ("[T]he administrative-exhaustion provision of

the [First Step Act (FSA)] is mandatory; it is a statutorily-created exhaustion provision rather than

a judicially-created provision; and the FSA does not include 'its own textual exception' to the

exhaustion provision.").

Though the exhaustion requirement is made explicit in 18 U.S.C. § 3582(c), some

district courts elsewhere in the country have nonetheless held the court may waive the exhaustion

requirement in light of the emergency circumstances caused by the current pandemic. *See, e.g.*,

*United States v. Colvin*, No. 3:19-CR-179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2,

2020) (citing *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019)); *United States v. McCarthy*,

No. 3:17-CR-0230 (JCH), 2020 WL 1698732, at *4 (D. Conn. Apr. 8, 2020). This court,

however, is bound by the Ninth Circuit's holding that "while judicially-created exhaustion

requirements may be waived by the courts for discretionary reasons, statutorily-provided

exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of

discretion by the court." *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir.

1998) (citation omitted); *see also Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 541 (9th Cir. 2019)

("[I]f exhaustion 'is a statutorily specified prerequisite'—as opposed to a judicially created one—

'[t]he requirement is . . . something more than simply a codification of the judicially developed

doctrine of exhaustion, and may not be dispensed with merely by a judicial conclusion of futility[.]'" (quoting *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975))).

It bears noting that defendant's motion does raise an important question: what steps are required to exhaust administrative remedies for purposes of § 3582(c) when defendant is in a local jail and has yet to be transferred to a BOP facility?  The court in *United States v. Gonzalez* analyzed a similar situation where defendant was housed in a county jail and unaware whether she had been designated by BOP to a federal facility.  2020 WL 1536155, at *1.  There, "Defendant's counsel contacted the Bureau of Prisons to determine which office could process her compassionate release request based on her medical condition," and was told by BOP staff that "because Defendant was not yet in a designated facility, there was no one able to process her request."  *Id.*  Under these circumstances, the court found:  "Defendant has effectively exhausted her administrative remedies by petitioning the BOP, giving them notice, and being told she does not have any other administrative path or remedies she can pursue."  *Id.*

Here, defendant has not notified the BOP in any way nor received a response as did the defendant in *Gonzalez*.  *See* Opp'n at 12.  Rather, defendant concedes he has made no effort to exhaust administrative remedies.  Mot. at 1–2.  Accordingly, on this record, the court finds defendant has not exhausted administrative remedies, and his motion must be DENIED.  Accordingly, the court does not reach the merits of defendant's motion here.

IV.     CONCLUSION

While "it is indisputable that the COVID-19 outbreak is unprecedented and poses a heightened risk to those in this nation's prisons and jails," "absent congressional action to relieve inmates of the exhaustion requirement," the court does not have jurisdiction to reach the merits of defendant's motion at this time.  *Carver*, 2020 WL 1604968, at *1.

The motion is DENIED, without prejudice to renewal following exhaustion.

This order resolves ECF No. 54.

IT IS SO ORDERED.

DATED:  May 5, 2020.

CHIEF UNITED STATES DISTRICT JUDGE