UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:13-cr-00118 KJM |
| Plaintiff, | |
| v. | ORDER |
| IMAN DAILEY, | |
| Defendant. | |

Defendant renews his motion for an order reducing his sentence to time served, under 18 U.S.C. § 3582(c).  Defendant makes this motion in light of the increased risks to health that the coronavirus ("COVID-19") poses to incarcerated persons, and to him in particular.  For the following reasons, the court GRANTS defendant's motion.

I.      BACKGROUND

Iman Dailey is currently serving a sentence for violating supervised release, ECF No. 52; he was originally on supervised release because he pled guilty to violating 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm, ECF No. 24.  Defendant earned his felony status by incurring a previous conviction for possession of cocaine base for sale.  Pre-Sentencing Investigation Report ¶ 18, ECF No. 20.  His criminal history category at his original sentencing before this court was VI, and he accepted responsibility for his crime.  *Id.* ¶¶ 15, 43.  Consistent with a plea agreement offered under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure,

1  the court originally sentenced Dailey to prison for sixty-three months, followed by thirty-six

2  months of supervised release.  ECF No. 18 (Plea Agreement); ECF No. 24 (Judgment).  While on

3  supervised release, defendant and his wife had an argument, resulting in defendant's wife's

4  calling defendant's probation officer, who instructed defendant not to return home that day.

5  Superseding Petition, ECF No. 34, at 3.  Defendant disobeyed his probation officer, returned to

6  his wife's house, and allegedly threatened her, causing her to call the local police, *id.*

7       Defendant was later arrested, and the court revoked defendant's supervised release

8  for violating his supervised release by failing to follow the instructions of his probation officer,

9  and commiting two other violations: association with prohibited persons and failure to submit

10  monthly report forms as directed.  Revocation, ECF No. 53, at 1.  On March 2, 2020, the court

11  sentenced defendant to nine months' imprisonment, with credit for time served, for this

12  supervised release violation.  Mins. for Revocation Hr'g, ECF No. 52.

13       Defendant is currently temporarily incarcerated at FCI Victorville - Medium II, but

14  BOP has designated him to serve his sentence at FCI Herlong.  Opp'n at 9.  His projected release

15  date is August 31, 2020, *id.*, and he has served nearly ninety percent of his nine-month sentence.

16       On April 8, 2020, defendant filed a motion for compassionate release under

17  18 U.S.C. § 3582(c)(1)(A), ECF No. 54, which the government opposed, ECF No. 55.  The court

18  denied the motion without prejudice, based on defendant's failure to exhaust administrative

19  remedies.  Order, ECF No. 57.  Defendant has now renewed his motion for compassionate

20  release.  Mot., ECF No. 59.  The government continues to oppose, Opp'n, ECF No. 61, and has

21  supplemented its opposition with further information regarding CDC's guidelines with respect to

22  COVID-19, Suppl., ECF No. 63; plaintiff has replied, Reply, ECF No. 64.  The court

23  SUBMITTED the matter without a hearing, and resolves it here.

24  II.    LEGAL STANDARD

25       Defendant brings his motion for release under 18 U.S.C. § 3582(c)(1)(A)(i), which

26  allows a court to modify a sentence under certain circumstances.  Under the current version of the

27  statute, a motion for modification may be made by either the Director of the Bureau of Prisons

28

1    (BOP) or by a defendant "after the defendant has fully exhausted all administrative rights to

2    appeal[.]"  18 U.S.C. § 3582(c)(1)(A).

3              In order to modify a sentence and grant compassionate release following

4    exhaustion, as relevant here, a district court engages in a two-step process.  First, it must consider

5    the familiar 18 U.S.C. § 3553(a) factors applicable at the original sentencing, to the extent they

6    remain applicable at the time a motion is brought.  18 U.S.C. § 3582(c)(1)(A).  Second, the court

7    must find that "extraordinary and compelling reasons warrant such a reduction."  *Id.*  18 U.S.C.

8    § 3582(c)(1)(A)(i).  An alternative provision provides for consideration of a motion by a

9    defendant who is 70 years or older, and is not applicable here.  18 U.S.C. § 3582(c)(1)(A)(ii).

10             The statute further requires "that such a reduction is consistent with applicable

11   policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A).  In resolving the

12   instant motion, this court, as it has in other similar cases, considers the Sentencing Commission's

13   policy statement denominated § 1B1.13 as guidance, without determining it is binding in this

14   context.  *See United States v. Head*, No. 2:08-CR-00093-KJM-2, 2020 WL 3180149, at *3 (E.D.

15   Cal. June 15, 2020), *amended by* Order, ECF No. 1724.  The court notes that, in addition to listing

16   possible "extraordinary and compelling reasons," § 1B1.13 "imposes an additional consideration

17   of whether the defendant is a danger to the safety of any other person or to the community."

18   *United States v. Numann*, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *2 (D. Alaska

19   Apr. 24, 2020) (citing U.S.S.G. § 1B1.13(2)).

20   III.    DISCUSSION

21           A.    Exhaustion

22             As the court noted in its previous order, defendant must meet the exhaustion

23   requirements of § 3582 before the court can consider motion for compassionate release.  *See*

24   Order, ECF No. 57.  The government argues that defendant's request for compassionate release,

25   sent to the Warden at FCI Herlong on May 8, 2020, *see* Mot., Ex. A (Inmate Request), ECF No.

26   59-1, does not trigger the statutory exhaustion period, because defendant is currently housed at

27   FCI Victorville - Medium II.  Opp'n at 15.  However, when defendant submitted the request, he

28   was housed at Sacramento County Jail, not FCI Victorville, and, according to the government's

opposition to defendant's original motion for compassionate release, defendant was, and is,

designated for FCI Herlong.  *See* ECF No. 55 at 8.  It does not appear defendant had any reason to

know he would be transferred to FCI Victorville temporarily, and the government points to no

authority suggesting an unexpected transfer should nullify defendant's reasonable exhaustion

efforts.  Accordingly, defendant's request made to the Warden of FCI Herlong was sufficient to

trigger the thirty-day exhaustion period, which has now expired, in the absence of any reply.

Defendant's motion is properly before the court.

    B.  <u>Extraordinary and Compelling Reasons</u>

    The government concedes that Dailey's alleged mild chronic kidney disease is

likely an "extraordinary and compelling reason" for early release "as that term is defined in

U.S.S.G. § 1B1.13," based on the CDC's updated guidelines regarding kidney disease and

COVID-19.  Suppl. at 2.[1]  However, the government challenges whether defendant has

sufficiently established that he actually has mild chronic kidney disease, arguing that "actual

evidence" of Dailey's condition "is extremely limited."  *Id.*  The government has provided

defendant's medical records from BOP under seal.[2]  The records list "Chronic kidney disease,

stage 2 (mild)" under defendant's "Current" health problems, diagnosed in 2016.  The

government does not challenge the authenticity of the records; as noted, it is the government, not

defendant, who produced them to the court.  *See* Opp'n, Ex. 3 (sealed).  The court finds this

record, without any evidence to the contrary, is sufficient to establish defendant's medical

condition of chronic mild kidney disease.  *Cf. United States v. Fuller*, No. CR17-0324JLR, 2020

WL 2557337, at *2, 4 (W.D. Wash. May 20, 2020) (finding insufficient evidence of medical

condition given no documentary evidence to confirm diagnosis of asthma, other than defendant's

---

[1] Citing Ctrs. for Disease Control & Prevention, *People of Any Age with Underlying Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#chronic-kidney-disease (last updated July 30, 2020) ("Having chronic kidney disease of any stage increases your risk for severe illness from COVID-19.").

[2] The government requests the court file defendant's medical records under seal.  *See* Not. of Req. to Seal, ECF No. 62.  Because the court grants the request to seal below, it refers to the documents as being filed under seal.

4

1   declaration, where BOP medical records did not mention condition).  Extraordinary and

2   compelling reasons exist for defendant's compassionate release.

3       C.      Sentencing Guidelines

4           The Sentencing Guidelines instruct that "the court should consider the sentencing

5   factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release, and

6   that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the

7   community, as defined in the Bail Reform Act."  *United States v. Gonzalez*, No. 2:18-CR-0232-

8   TOR-15, 2020 WL 1536155, at *2 (E.D. Wash. Mar. 31, 2020) (citing U.S.S.G. § 1B1.13); *see*

9   *also* 18 U.S.C. § 3582(c)(1)(A).

10          1.      Section 3553 Factors

11          The court has reviewed all the factors to be considered in imposing a sentence, 18

12   U.S.C. § 3553(a), including (1) the nature and circumstances of the offense and the history and

13   characteristics of the defendant; and (2) the need for the sentence imposed, and finds they support

14   granting defendant's motion.  Defendant's criminal history weighs against granting his motion,

15   *see* Opp'n at 21, but the offense underlying his current sentence was non-violent.  While the court

16   acknowledges that domestic incidents often do not give rise to prosecution if the complainant

17   decides not to press charges, here in fact no charges were brought against defendant as a result of

18   the incident that led to his latest arrest.  *Id.*  Defendant makes the unrebutted representation that

19   he and his wife are on good terms now, and she supports his return.  Mot. at 8.  Defendant and

20   defense counsel both made the same representation on the record at the disposition hearing on

21   March 2, 2020, with defense counsel indicating defendant's wife has attended one court

22   proceeding and wanted to attend the March 2 hearing but had child care responsibilities.[3]  The

23   court also gives some weight to defendant's representation that his sentence thus far has been

24   served in "extremely difficult conditions," given the current pandemic and resulting lockdowns,

25   supporting a conclusion that defendant has been meaningfully punished for his violations.  *See id.*

26

27   _____

28      [3] The court has reviewed a rough transcript of the hearing to refresh its recollection of
     these representations.

5

1    at 9 (reporting defendant's five-month-long lockdown at Sacramento County Jail and required

2    quarantine at Nevada Southern Detention Facility).

3               Accordingly, the court finds the § 3553 sentencing factors, on balance, support

4    granting defendant's motion.

5                        2.    Danger to the Community

6               The government argues the court should deny defendant's motion because he is a

7    danger to the community, based primarily on (1) the dispute with defendant's wife leading to his

8    arrest, in which he acted in a threatening manner causing her to fear for her safety, and (2) his

9    criminal history.  Opp'n at 19–23.  Defendant's most recent actions towards his wife, though not

10   necessarily physically violent, are concerning, and there is a suggestion in the record that

11   defendant may have been violent towards his wife in the past.  *See* Superseding Petition at 4

12   (probation officer alleging defendant has committed "at least one known instance of domestic

13   violence" and alleging defendant's wife told probation officer that defendant "had hit her in the

14   past").  At the same time, defendant's criminal history does not include any convictions for

15   domestic violence.  Presentencing Report (PSR), ECF No. 20, at 7–10 (criminal history).

16   Defendant represented in his request to BOP, as he does here, that, if transferred to home

17   confinement, he would live with his wife.  Inmate Request at 2.  As noted above, nothing in the

18   record rebuts defendant's representation that he and his wife currently are on good terms.  *See*

19   Mot. at 8.  At hearing, defendant said he and his wife plan to participate in marriage counseling.

20              As for his criminal history, the government argues defendant's "history and

21   characteristics demonstrate that he is dangerous because he has a propensity for guns, illegal

22   narcotics, and violent gangs."  Opp'n at 21.  While defendant's criminal history is extensive, it is

23   primarily drug-related and is non-violent in nature.  *See* PSR at 7–10 (describing criminal history,

24   including possession of illegal firearm); *United States v. Twine*, 344 F.3d 987, 988 (9th Cir. 2003)

25   (felon in possession of a firearm not a crime of violence that raises a presumption of danger to the

26   community).

27              While it is a close call, the court determines defendant does not pose a danger to

28   the community such that his motion for compassionate release should be denied.  *See United*

6

1    *States v. Fowler*, No. 17-CR-00412-VC-1, 2020 WL 3034714, at \*1 (N.D. Cal. June 6, 2020)

2    (defendant convicted of distributing and conspiring to distribute methamphetamine had never

3    committed violent crime, was "not a danger to the community"); *cf. United States v. Millage*,

4    No. 3:13-CR-234-SI, 2020 WL 2857165, at \*5 (D. Or. June 2, 2020) (defendant not danger to

5    community despite 7-year-old conviction for domestic violence), *appeal dismissed*, No.

6    20-30086, 2020 WL 3468033 (9th Cir. June 25, 2020); *but see United States v. McGreggor*, No.

7    218CR244JCMDJA, 2020 WL 2308081, at \*3–4 (D. Nev. May 8, 2020) (finding defendant

8    presented danger to community even though criminal history was stale and most recent

9    conviction was technically non-violent, in part because instant offense involved conspiracy to sell

10   fentanyl, a potentially fatal drug, while armed with stolen firearm and possessing second stolen

11   firearm, unlike defendant here).

12   IV.    CONCLUSION

13   Defendant has established sufficiently that "extraordinary and compelling" reasons

14   exist for compassionate release, the § 3553 sentencing factors weigh in favor of granting his

15   motion, and he is not likely to pose a danger to the community.  For these reasons, defendant's

16   motion for compassionate release is GRANTED as follows:

17   The court modifies defendant's sentence of incarceration to time served.[4]

18   Additionally, the government's request to seal Exhibit 3 to its opposition is

19   GRANTED, as the document contains sensitive medical records in which defendant has a

20   compelling privacy interest.  *See* Not. of Req. to Seal; *see also Johnsen v. Tambe*, No. 19-141-

21   TSZ-MLP, 2019 WL 4014256, at \*2 (W.D. Wash. Aug. 26, 2019) (finding plaintiff's "privacy

22   interest in his own medical records to be a sufficiently compelling reason to seal the medical

23   records themselves").  The Clerk is hereby directed to file Exhibit 3 to the government's

24   opposition on the docket, under seal.

25   /////

26

27   [4] The court assumes defendant's release will be subject to BOP's COVID-19 protective
     measures currently in effect, including, for example, any reasonable pre-release quarantine
28   requirements.

This order resolves ECF Nos. 59 and 62.

IT IS SO ORDERED.

DATED:  August 5, 2020.

CHIEF UNITED STATES DISTRICT JUDGE